COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.  2-06-063-CR



 

CAROLYN CHASE                                                                APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                                 AND

 

                                        NO.  2-06-064-CR

 

EGBERT CHASE                                                                  APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

             FROM
THE 16TH DISTRICT COURT OF DENTON COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------








Appellants Carolyn Chase and
Egbert Chase appeal their convictions for hindering a secured creditor.  We affirm.

                                            Background

Appellants borrowed
$15,032.97 from the Denton Area Teachers Credit Union in December 2002 to
finance the purchase of a Chrysler PT Cruiser. 
Both Appellants signed the security agreement.  They made payments on the loan through May
2004 and then sent the Credit Union a check for $11,492.66 to pay off the
balance, but the check was returned with the notation, Aaccount closed.@  In July 2004, the Credit Union unsuccessfully
attempted to recover the vehicle through self-help repossession, and in August
it filed an application for a writ of sequestration, naming both Appellants as
defendants.  The writ issued, but county
constables were unable to locate the vehicle. 
Denton County Deputy Constable Robert Holifield testified that he made
ten visits to Appellants= residence,
leaving door hangers and business cards and asking Appellants to call him.  Holifield also attempted to locate the
vehicle at Appellants= places of
employment.  Holifield testifiedCover Egbert=s relevancy
objectionCthat he had
seized another vehicle from Appellants= residence under a writ of sequestration in July 2004, about six weeks
before the writ of sequestration for the PT Cruiser issued.   








Appellants introduced into
evidence copies of arrest warrant affidavits executed by Denton Police Officer
Rachel Fleming.  In the affidavits,
Fleming averred that Appellants were jailed for contempt of court from March
16, 2005, until April 8, 2005, for refusing to disclose the vehicle=s whereabouts and that Denton County District Attorney and North Texas
Auto Task Force investigators unsuccessfully attempted to locate the
vehicle.   

In June 2005, Dallas police
located the vehicle parked outside a Dallas residence and impounded it.  Howard Sparks, a Dallas County Deputy
Sheriff, testified that Appellants were Aknown associates@ of the home=s residents, who were under investigation for filing fraudulent UCC
documents.  Police had Amade contact with [Appellants] at the residence before,@ and documents seized from the residence included Adocuments with regard to the Chases . . . .@ 

Appellants were charged by
indictment with hindering a secured creditor by concealing the vehicle on the
property of another and by failing to deliver the vehicle to the secured party
after the secured party had made demand. 
Appellants= cases were
tried together to a jury, and Appellants represented themselves.  The jury found them guilty and assessed
punishment of one year in prison and a $5,000 fine each, and the trial court
rendered judgment accordingly. 








Appellants filed separate
notices of appeal, but their points on appeal are identical.  Therefore, we will address their points
together.

 

                                 Legal and Factual Sufficiency

In their first two points,
Appellants challenge the legal and factual sufficiency of the evidence.  Specifically, they argue that there is no
evidence that they Aconcealed@ the vehicle.

When reviewing the legal
sufficiency of the evidence to support a conviction, we view all the evidence
in the light most favorable to the verdict in order to determine whether any
rational trier of fact could have found the essential elements of the crime
beyond a reasonable doubt.  Jackson v.
Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); Hampton v.
State, 165 S.W.3d 691, 693 (Tex. Crim. App. 2005).  When reviewing the sufficiency of the
evidence in the context of a defense, we determine whether after viewing all
the evidence in the light most favorable to the prosecution, any rational trier
of fact would have found the essential elements of the offense beyond a reasonable
doubt and also would have found against appellant on the defense issue beyond a
reasonable doubt.  Saxton v. State,
804 S.W.2d 910, 914 (Tex. Crim. App. 1991). 









When reviewing the factual
sufficiency of the evidence to support a conviction, we view all the evidence
in a neutral light, favoring neither party. 
Watson v. State, 204 S.W.3d 404, 414 (Tex. Crim. App. 2006); Drichas
v. State, 175 S.W.3d 795, 799 (Tex. Crim. App. 2005).  We then ask whether the evidence supporting
the conviction, although legally sufficient, is nevertheless so weak that the
fact-finder=s
determination is clearly wrong and manifestly unjust or whether conflicting
evidence so greatly outweighs the evidence supporting the conviction that the
fact-finder=s
determination is manifestly unjust.  Watson,
204 S.W.3d at 414-15, 417; Johnson v. State, 23 S.W.3d 1, 11 (Tex. Crim.
App. 2000).








A person who signs a security
agreement, mortgage, or deed of trust creating a security interest in or lien
on property commits an offense Aif, with intent to hinder enforcement of that interest or lien, he
destroys, removes, conceals, encumbers, or otherwise harms or reduces the value
of the property.@ Tex. Penal Code Ann. ' 32.33(b) (Vernon 2003).  A
person is presumed to have intended to hinder enforcement of the security
interest or lien if, when any part of the debt is due, he fails to (1) pay the
part then due and (2) deliver possession of the secured property to the secured
party upon demand.  See id. ' 32.33(c).  Thus, to support
Appellants= convictions
in this case, the State was required to show that Appellants (1) signed a
security agreement creating a security interest in the vehicle and (2) with the
requisite intent, destroyed, removed, concealed, encumbered, or otherwise
harmed or reduced the value of the vehicle. 
See id. ' 32.33(b).  Appellants concede
that the State=s evidence
established the first element and the element of intent, but argue there is no
evidence that they concealed the vehicle as alleged in the indictments.  Thus, our sufficiency analysis will focus on
the second element and specifically on the element of concealment. 








Section 32.33 does not define
Aconceal.@  See id. ' 32.33.  When statutory words
are not defined, we give words their plain meaning without regard to
distinction between construction of penal laws and laws on other subjects,
unless the act clearly shows that they were used in some other sense. Daniels
v. State, 754 S.W.2d 214, 219 (Tex. Crim. App. 1988); Oler v. State,
998 S.W.2d 363, 368 (Tex. App.CDallas 1999, pet. ref=d, untimely filed). Because Aconceal@ is not
specifically defined, the factfinder may freely read it to have any meaning
which is acceptable in common parlance.  See Denton v. State, 911 S.W.2d 388, 390
(Tex. Crim. App. 1995); Oler, 998 S.W.2d at 368; Urbanski v. State,
993 S.W.2d 789, 793 (Tex. App.CDallas 1999, no pet.).  The most
commonly recognized definitions of the word Aconceal@ are to Akeep from the knowledge and observation of others,@ Arefrain from
disclosing or divulging,@ Ahide, secrete, or withhold from the knowledge of others,@ Acover or
keep from sight,@ and Aplace out of sight.@  Plummer v. State, No.
05‑99‑01826‑CR, 2000 WL 1690194, at *4 (Tex. App.CDallas Nov. 13, 2000, no pet.) (citing The Oxford English Dictionary 646 (2d ed. 1989); Black=s Law Dictionary 288 (6th ed. 1990); Webster=s 3rd Int=l Dictionary 469
(1981)); see also Anzaldua v. State, 696 S.W.2d 911, 912 (Tex. Crim.
App. 1985) (op. on reh=g) (defining
Aconceal@ as Ato hide, secrete, withhold from the knowledge of others; to withdraw
from observation@).  The mere refusal to deliver property upon
demand does not constitute Aconcealing.@  Anzaldua, 696 S.W.2d at 912.








Appellants argue that because
police eventually found the vehicle parked in plain view on a Dallas street and
no one testified how the car came to be at the Dallas residence, there is no
evidence that Appellants concealed the vehicle. 
We disagree.  Deputy Constable
Holifield unsuccessfully attempted to locate the vehicle at Appellants= residence on several occasions and at their places of
employment.  He left door hangers and
business cards at Appellants= residence, asking them to call him. 
Appellants were jailed for three weeks for contempt when they refused to
disclose the vehicle=s whereabouts.  Denton County District Attorney investigators
and North Texas Auto Task Force investigators could not find the vehicle.  Appellants had ties to the Dallas residence where
the vehicle was finally found.  While
there is no evidence that Appellants personally drove the vehicle to Dallas or
that the vehicle was disguised or hidden from public view, the common
definition of Aconceal@ is not so constrained as to require such proof.

Viewing the evidence in the
light most favorable to the verdict, a rational trier of fact could have found
beyond a reasonable doubt that Appellants kept the vehicle=s location from the knowledge of the Credit Union, refrained from
disclosing or divulging its location to the Credit Union, and placed it out of
the Credit Union=s sightCin other words, that they concealed the vehicle.  Thus, the evidence is legally
sufficient.  See Plummer, 2000 WL
1690194, at *4 (holding evidence that the appellant, Aat a minimum, refrained from disclosing or divulging [a vehicle=s] location@ legally
sufficient to support conviction for concealing vehicle).  Viewing all of the evidence in a neutral
light, we hold that it is also factually sufficient.

Appellants also argue that
they could not both be guilty as the principal to the same offense, and that
there is no evidence to show which one of them moved the car to Dallas.  Again, we disagree.  The act of driving the car to Dallas is not
the gravamen of the offense; keeping the vehicle=s location from the Credit Union=s knowledge is.  We hold that
the evidence is legally and factually sufficient to convict both Appellants as
principals.

We overrule Appellants= first and second points.








                                Motions to Quash Indictments

In their third point,
Appellants argue that the trial court erred by failing to grant their motions
to quash the indictments.

The sufficiency of an
indictment is a question of law.  State
v. Moff, 154 S.W.3d 599, 601 (Tex. Crim. App. 2004).  Therefore, we review a trial judge's ruling
on a motion to quash the indictment de novo. 
Id.

An accused in a criminal case
is guaranteed the right to demand the nature and cause of the action against
him.  DeVaughn v. State, 749
S.W.2d 62, 67 (Tex. Crim. App. 1988).  A
charging instrument that tracks the language of a criminal statute generally
possesses sufficient specificity to provide a defendant with notice of a
charged offense.  State v. Edmond,
933 S.W.2d 120, 128 (Tex. Crim. App. 1996). 
A motion to quash an indictment should be granted only when the language
regarding the accused=s conduct is
so vague or indefinite that it fails to give the accused adequate notice of the
acts he allegedly committed.  DeVaughn,
749 S.W.2d at 67.

The indictments, which are
identical except for Appellants= names, alleged as follows:








[Appellant],
on or about the 16th day of March, 2005, did then and there, having theretofore
signed a security agreement creating a security interest in property, namely,
an automobile, conceal by placing said secured property on the property of
another and by failing to deliver possession of the said secured property to
the secured party after the secured party had made demand, without the
effective consent of the secured party, namely, Denton Area Teachers Credit
Union, and with intent to hinder enforcement of such security interest or lien,
and the value of said property was $1,500 or more but less than $20,000[.]

 

Appellants argue that the
trial court should have quashed the indictments for three reasons.  First, they argue that because Aconceal@ is not
statutorily defined and can encompass diverse acts, the indictments did not
give Appellants adequate notice of the conduct with which they were
charged.  We disagree.  The indictments specifically allege that
Appellants concealed the vehicle by placing it on the property of another.

Second, Appellants argue that
the trial court should have quashed the indictments because the words Aby failing to deliver possession of the said secured property to the
secured party after the secured party had made demand@ did not charge an element of the offense and therefore prejudiced
Appellants.  While failure to deliver
possession of secured property upon the secured party=s demand is not in itself Aconcealment,@ see Anzaldua,
696 S.W.2d at 912, it does trigger the presumption that a defendant intended to
hinder enforcement of the security interest. 
Tex. Penal Code Ann. ' 32.33(c).  Thus, the
allegation that Appellants failed to deliver the vehicle upon the Credit Union=s demand was appropriately included in the indictments.








Third, Appellants argue that
the indictments failed to state an offense because they Adescribed perfectly legal activity,@ namely, moving the vehicle from one location to another.  Again, we disagree.  While merely moving a vehicle from one
location to another is perfectly legal under many circumstances, section 32.33
makes it illegal to move a vehicle when the movement is intended to conceal the
vehicle and hinder the enforcement of a security agreement.  See id.

We hold that the trial court
did not err by refusing to quash the indictments, and we overrule Appellants= third point.

                                     Admission of Evidence

In their fourth point,
Appellants argue that the trial court erred by admitting Deputy Holifield=s testimony about another vehicle he seized from Appellants= residence and Deputy Sparks=s testimony about the investigation of the residents of the house
where police ultimately recovered the PT Cruiser.  We review a trial court=s ruling to admit or exclude evidence under an abuse of discretion
standard.  Rankin v. State, 974
S.W.2d 707, 718 (Tex. Crim. App. 1996) (op. on reh=g); Montgomery v. State, 810 S.W.2d 372, 391 (Tex. Crim. App.
1991) (op. on reh=g).  If the court=s decision falls outside the Azone of reasonable disagreement,@ it has abused its discretion.  Rankin,
974 S.W.2d at 718; Montgomery, 810 S.W.2d at 391.








1.     Deputy Holifield=s testimony.

When the State questioned
Deputy Holifield about the other vehicle he seized from Appellants, Carolyn
made the following objection:  AYour Honor, I object.  [The
prosecutor=s] bringing
things into the case that don=t pertain to the PT Cruiser.  We
need to stay focused on the PT Cruiser because the PT Cruiser is the subject of
this hearing.@[2]  The trial court overruled her
objection.  








On appeal, Carolyn argues
that the danger of unfair prejudice from Deputy Holifield=s testimony outweighed its probative value Abecause no bad act or extraneous offense was shown.@  But Carolyn=s objection to the testimony in question was a relevance objection,
and a relevance objection does not preserve an unfair-prejudice complaint under
rule of evidence 403.  See Montogmery,
810 S.W.2d at 389 (holding that relevance objection does not preserve complaint
that danger of unfair prejudice outweighed relevance).  To the extent Carolyn contends the trial
court erroneously overruled her relevance objection, we hold the trial court
did not abuse its discretion because Deputy Holifield=s testimony was relevant to show Appellants= motive for moving the PT Cruiser to Dallas County after Deputy
Holifield seized the other vehicle.

Carolyn also argues the trial
court erred by admitting Deputy Holifield=s testimony against her because it was not shown that she (as opposed
to Egbert) confronted Deputy Holifield when he seized the other vehicle.  If evidence is admissible against one
party or for one purpose, failure to request a limiting instruction forfeits
any error.  Tex. R. Evid. 105(a); Hammock v. State, 46 S.W.3d 889,
894-95 (Tex. Crim. App. 2001).  Carolyn did not request a limiting
instruction; therefore, she forfeited the alleged error.

2.     Deputy Sparks=s testimony.

When the State questioned
Deputy Sparks about the circumstances surrounding the recovery of the PT
Cruiser from a home in Dallas, both Appellants lodged relevance objections to
questions about the Attorney General=s investigation of the home=s residents; the trial court overruled their objections.  Deputy Sparks later testifiedCwithout objectionCthat Appellants were Aknown associates@ of the
residents of the Dallas house because investigators found Adocuments with regard to the Chases@ among documents seized from the house. 








On appeal, Appellants argue
that the trial court erred for several reasons 
by admitting Deputy Sparks=s testimony that they were Aknown associates@ of the
Dallas home=s residents
and that investigators found Adocuments with regard to the Chases@ there.  But Appellants did not
object to this testimony at trial; thus, they forfeited their complaint.  See Tex.
R. App. P. 33.1(a)(1).

We overrule Appellants= fourth point. 

 

                                           Law of Parties

In their fifth point,
Appellants argue the trial court erred by failing to instruct the jury on the
law of parties.  We note that Appellants
did not object to the charge at trial or request an instruction on the law of
parties.  But we need not explore the
merits of that issue.  If the evidence in
a record supports an appellant=s guilt as a principal actor, any error of the trial court in charging
on the law of parties is harmless error.  Cathey v. State, 992 S.W.2d 460, 466 (Tex.
Crim. App. 1999), cert. denied, 528 U.S. 1082 (2000); Black v. State,
723 S.W.2d 674, 675 (Tex. Crim. App. 1986). 
We have concluded that the evidence is legally and factually sufficient
to support finding Appellants guilty of the offense as principals. Accordingly,
any error in charging on the law of parties is harmless, and we overrule
Appellants= fifth
point.

                                             Conclusion

Having overruled all of
Appellants= points, we affirm
the trial court=s
judgments.  See Tex. R. App. P. 43.2(a).

 








ANNE GARDNER

JUSTICE

 

PANEL F:    GARDNER, WALKER, and MCCOY, JJ.

 

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  March 22, 2007











[1]See Tex. R. App. P. 47.4.





[2]Egbert
made no objection to Deputy Holifield=s testimony about the other
vehicle; thus, Egbert failed to preserve error related to this testimony, and
we overrule the part of his fourth point that concern=s
Deputy Holifield=s
testimony.  See Tex. R.
App. P. 33.1(a)(1); Martinez v. State, 833 S.W.2d 188, 191 (Tex. App.CDallas 1992, pet. ref=d) (holding a defendant who has not
voiced his own personal objection or adopted that of his codefendant is
foreclosed from relying on the codefendant=s objection to preserve error).