Gilbert ANZALDUA, Appellant,

v.

The STATE of Texas, Appellee.

No. 64066.

Court of Criminal Appeals of Texas,
En Banc.

Sept. 25, 1985.

Glenn H. Williams, Copperas Cove, Frank Newton, Del Rio, Charles O. Grigson, James G. Boyle, Austin, for appellant; H. Clyde Farrell, Austin, of counsel.

Patrick Ridley, Co. Atty., and Pete Hamer, Asst. Co. Atty., Belton, Robert Huttash, State's Atty., Austin, for the State.

---

**1.** Appellant complains the court erred in failing to set aside the information pursuant to his motion.

**2.** Now see the 1979 amendment to § 32.33 (Acts 1979, 66th Leg., p. 501, ch. 232, § 1, eff. Sept. 1, 1979).

## OPINION ON APPELLANT'S MOTION FOR REHEARING

ONION, Presiding Judge.

Our opinion on original submission is withdrawn in lieu of the following.

This appeal is from a conviction for hindering a secured creditor under V.T.C.A., Penal Code, § 32.33 (1974). Appellant entered a plea of nolo contendere before the court. His punishment was assessed at 60 days in jail and at a fine of $50.00. Appellant, however, was placed on misdemeanor probation for a period of 12 months and ordered to pay restitution of $165.03.

Among his grounds of error appellant contends the information filed in the County Court at Law No. 2 of Bell County did not allege an offense under § 32.33 of the Penal Code.[1] Appellant urges, as we understand it, that the information is fundamentally defective.

Omitting the formal parts, the information alleged that appellant

"having signed a security agreement with Arthur Neale Potts creating interest in property, namely One Weed Eater, One Lawnmower, One Bicycle, One Ladder with intent to hinder the enforcement of the security interest, the defendant intentionally *concealed* the above described property *by refusing* to return said property upon demand at a time when a part of the debt secured by the aforesaid security was due and unpaid.[2] (Emphasis added.)

V.T.C.A., Penal Code, § 32.33 (1974), in effect at the time of the alleged offense,[3] provides as follows:

"(a) For purposes of this section:

"(1) 'Remove' means transport, without the effective consent of the secured party, from the state in which

---

**3.** Now see the 1979 amendment to § 32.33 (Acts 1979, 66th Leg., p. 501, ch. 232, § 1, eff. Sept. 1, 1979).

the property was located when the security interest or lien attached.

"(2) 'Security interest' means an interest in personal property or fixtures that secures payment or performance of an obligation.

"(b) A person who has signed a security agreement creating a security interest in property or a mortgage or deed of trust creating a lien on property commits an offense if, with intent to hinder enforcement of that interest or lien, he destroys, removes, conceals, encumbers, transfers, or otherwise harms or reduces the value of the property.

"(c) For purposes of this section, a person is presumed to have intended to hinder enforcement of the security interest or lien if, when any part of the debt secured by the security interest or lien was due, he failed:

"(1) to pay the part then due; and

"(2) if the secured party had made demand, to deliver possession of the secured property to the secured party.

"(d) Except as provided in Subsection (e) of this section, an offense under this section is a Class A misdemeanor.

"(e) If the actor removes the property, the offense is a felony of the third degree.

The elements of the offense are

(1) a person

(2) who has signed

(3) a security agreement that created a security interest in property, or

(4) a mortgage or deed of trust creating a lien on property

(5) with intent to hinder enforcement of interest on lien

(6) destroys, removes, conceals, encumbers, transfers or otherwise harms or reduces value of property.

Subsection (b) of the statute sets out two elements of the offense which are (5) and (6) above. The information sufficiently alleges element (5) above. As to element (6), the information alleges appellant "concealed ... by refusing to return...." The information does not allege that appellant

hid or secreted the property nor that he withheld the whereabouts of the property. The terms "conceal" or "refuse" are not defined in the statute or by the Penal Code.

V.T.C.A., Penal Code, § 1.05 (Construction of the Code), provides in part:

"(b) Unless a different construction is required by the context, Sections 2.01, 2.02, 2.04, 2.05, and 3.01 through 3.12 of the Code Construction Act (Article 5429b–2, Vernon's Texas Civil Statutes) apply to the construction of this code."

Section 2.01 of said Article 5429b–2, V.A. C.S., provides:

"Words and phrases shall be read in context and construed according to rules of grammar and common usage. Words and phrases that have acquired a technical or particular meaning, whether by legislative definition or otherwise, shall be construed accordingly."

Thus we give to "conceal" and "refuse" their original meaning and common usage. See *Courtemanche v. State*, 507 S.W.2d 545 (Tex.Cr.App.1974). Black's Law Dictionary (1968), defines "conceal" as "to hide, secrete, withhold from the knowledge of others; to withdraw from observation...." Webster's Third International Dictionary (1961) defines "refuse" as "to show or express a positive unwillingness to do or comply with (as something asked, demanded, expected). The mere refusal to deliver property upon demand does not constitute "concealing." Further, the intent of § 32.-33, supra, is apparently to protect secured property for the benefit of the credit. The clause "otherwise harms or reduces the value of the property" implies that aforementioned acts, destroys, removes, conceals, etc., also harm or reduce such value. Certainly the mere refusal to deliver property generally would not harm or reduce its value.

In the Practice Commentary to § 32.33 (Searcy & Patterson) it is stated in part:

"This section is derived from Business & Code Secs. 25.0 and 25.02, but is somewhat broader in its choice of verbs. It is narrower in that *it does not outlaw refusal* by the debtor *to reveal* the location

of the property (although this may violate Section 32.34); nor does it make the debtor's concealment of himself an offense...." (Emphasis added.)

Accord: Explanatory Comment, § 32.33, Texas Anno. Penal Statutes, Branch's 3rd Ed., Vol. 2, p. 578.

In Attorney General's Opinion H–980 (1977), the Attorney General was asked whether there was concealment under V.T. C.A., Penal Code, § 32.33 (1974), when the debtor refuses to deliver collateral upon demand of a secured party but does not harm or reduce the value of the collateral. The Attorney General answered that concealment under subsection (b) of the statute must entail some further act beyond mere refusal to deliver citing 53 Tex. Jur.2d, Statutes, § 165 and authorities there cited. The Attorney General concluded that "mere refusal to deliver property to a secured party is not an offense under § 32.33 of the Penal Code."

We conclude that the instant information does not charge an offense under V.T.C.A., Penal Code, § 32.33 (1974). The judgment is reversed and the cause ordered dismissed.

W.C. DAVIS and McCORMICK, JJ., dissent.