**Verline Gore CRAVEY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 09–97–167 CR.**

Court of Appeals of Texas, Beaumont.

Submitted on Nov. 5, 1998.

Decided Dec. 16, 1998.

Bruce W. Cobb, Beaumont, for appellant.

Charles R. Roach, Dist. Atty., Kathleen M. Anderson, Asst. Dist. Atty., Kountze, for state.

Before WALKER, C.J., BURGESS, and STOVER, JJ.

**OPINION**

PER CURIAM.

A jury convicted Verline Gore Cravey for hindering a secured creditor. The trial court assessed punishment at sixty days confinement in the Tyler County jail, a $1,000 fine, restitution and court costs. Her confinement was suspended in exchange for participation in two years of community supervision. Cravey brings four issues on appeal.[1]

In her first two issues, Cravey argues that the evidence is legally insufficient to prove an offense under section 32.33 of the Texas Penal Code.[2] She argues that the testimony at

---

1. We address Cravey's brief as if she intended four issues although we cannot tell whether she brings three or four issues on appeal.

2. A person who has signed a security agreement creating a security interest in property or a mortgage or deed of trust creating a lien on property commits an offense if, with intent to hinder enforcement of that interest or lien, he destroys, removes, conceals, encumbers, or otherwise harms or reduces the value of the property. Tex. Pen.Code Ann. § 32.33(b) (Vernon 1994)

trial only showed that she refused to return property to a creditor and that evidence alone does not constitute a violation of section 32.33.

■ When we review a legal sufficiency of the evidence issue, we view all the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); *Patrick v. State*, 906 S.W.2d 481, 486 (Tex.Crim. App.1995). The standard is the same for both direct and circumstantial evidence cases. *Earhart v. State*, 823 S.W.2d 607, 616 (Tex.Crim.App.1991). Sufficiency of the evidence is measured by the elements of the offense as defined by the hypothetically correct jury charge for the case. *Malik v. State*, 953 S.W.2d 234, 240 (Tex.Crim.App. 1997).

The facts of this case are as follows: In 1989, Cravey purchased personal goods including a sofa, love seat, rocker, recliner, tables, television set and a jewelry chest from David Mann. The total cost of the goods was over $5,000. Cravey signed a security agreement at the time of purchase. She made payments on the property for several years. Mann testified that she paid about $4,000 on her account and then quit paying. Cravey testified that she paid $5,029 on her account. Mann sued Cravey in justice court in Tyler County for nonpayment and in April of 1993, he received a default judgment against her in the amount of $4,163 · or for possession of the merchandise. He then secured a writ of execution. Deputy Otis Wigley attempted to serve the writ. He testified he went into Cravey's house and found that "the merchandise was at the house." He also testified that Cravey refused to give him the furniture and told him that the merchandise was paid for. Wigley told Cravey to contact the judge to see if the matter "could not be settled between her and the judge" and that he would be back. Wigley never returned to Cravey's home to pick up the furniture.

In their brief, the State alleges, without citing any authority, that Cravey violated section 32.33 by harming and reducing the value of the property "by preventing the secured creditor from obtaining it over an extended period of time, thereby devaluing the property by age and use." Cravey purchased the property in 1989 and the trial date was in 1997. The State argues the property depreciated during that time while in Cravey's possession and therefore Cravey violated section 32.33. The State also points out that the television set was harmed in a fire at Cravey's home and that this too constitutes a violation of section 32.33 because it involves Cravey's reducing the value of the property.

In *Anzaldua v. State*, 696 S.W.2d 911, 912 (Tex.Crim.App.1985), Anzaldua was convicted for hindering a secured creditor under section 32.33. The information charged that Anzaldua had "concealed ... by refusing to return" property in which the secured party had an interest. The Court of Criminal Appeals held that the mere refusal to deliver property does not constitute "concealing" and does not harm or reduce the property's value. *Id.* at 912.

■ In the present case, we find no evidence that Cravey harmed the property or reduced the value of the property. Applying the holding in *Anzaldua*, Cravey's refusal to voluntarily deliver the property to Mann does not constitute harming or reducing the property's value and is not a violation of section 32.33.

■ Additionally, an unintentional partial damaging of the television set does not constitute a violation of section 32.33. Cravey testified that there was a fire in her home four years before the trial. She was able to save all the items she purchased from Mann from the fire but the television set was partially damaged. Because there was no evidence that she damaged the property, we dismiss the State's argument that the fire in her home that damaged the television is a violation of section 32.33.

After viewing the evidence in the light most favorable to the verdict, we find the evidence insufficient to sustain the conviction. Cravey's first two issues are sustained. Because we have found no evidence to support

her conviction, we do not address her third issue regarding factual sufficiency.

█ Although not necessary to the disposition of this case, we also address Cravey's fourth issue wherein she urges her counsel was ineffective "by failing to challenge the State's defective charging instrument." Cravey complains, without arguing any specific details, that the information failed to state an offense for which she could be convicted and that her trial counsel erred in failing to file a motion to quash.

To support a claim of ineffective assistance of counsel, a defendant must prove: 1) that counsel's performance was deficient, and 2) that this deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Hernandez v. State*, 726 S.W.2d 53, 57 (Tex. Crim.App.1986). Consideration of the "totality of the representation," rather than isolated acts or omissions of trial counsel, determines whether sufficient proof of these two prongs has been made. *Ex parte Kunkle*, 852 S.W.2d 499, 505 (Tex.Crim.App.1993). Moreover, if a defendant fails to prove the prejudice component (second prong), the reviewing court need not address the question of counsel's performance. *Strickland*, 466 U.S. at 697, 104 S.Ct. at 2070, 80 L.Ed.2d at 699; *Wyatt v. State*, 889 S.W.2d 691, 694 (Tex.App.—Beaumont 1994, no pet.).

Assuming that trial counsel should have filed a pretrial motion to quash or a motion to dismiss the information, Cravey cannot make a showing of prejudice in this case. The State could have filed a new complaint and information to correct the defects if the trial court granted Cravey's motion and dismissed the charges against her. Cravey can make no showing that but for counsel's error, the result would have been different. Consequently, we overrule Cravey's fourth issue.

Having sustained issues one and two, we reverse the judgment of the trial court and order an acquittal.

REVERSED AND ACQUITTED.