COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO.  2-06-063-CR

CAROLYN CHASE APPELLANT

V.

THE STATE OF TEXAS STATE

AND

NO.  2-06-064-CR

EGBERT CHASE APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 16TH DISTRICT COURT OF DENTON COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellants Carolyn Chase and Egbert Chase appeal their convictions for hindering a secured creditor.  We affirm.

Background

Appellants borrowed $15,032.97 from the Denton Area Teachers Credit Union in December 2002 to finance the purchase of a Chrysler PT Cruiser.  Both Appellants signed the security agreement.  They made payments on the loan through May 2004 and then sent the Credit Union a check for $11,492.66 to pay off the balance, but the check was returned with the notation, “account closed.”  In July 2004, the Credit Union unsuccessfully attempted to recover the vehicle through self-help repossession, and in August it filed an application for a writ of sequestration, naming both Appellants as defendants.  The writ issued, but county constables were unable to locate the vehicle.  Denton County Deputy Constable Robert Holifield testified that he made ten visits to Appellants’ residence, leaving door hangers and business cards and asking Appellants to call him.  Holifield also attempted to locate the vehicle at Appellants’ places of employment.  Holifield testified—over Egbert’s relevancy objection—that he had seized another vehicle from Appellants’ residence under a writ of sequestration in July 2004, about six weeks before the writ of sequestration for the PT Cruiser issued.   

Appellants introduced into evidence copies of arrest warrant affidavits executed by Denton Police Officer Rachel Fleming.  In the affidavits, Fleming averred that Appellants were jailed for contempt of court from March 16, 2005, until April 8, 2005, for refusing to disclose the vehicle’s whereabouts and that Denton County District Attorney and North Texas Auto Task Force investigators unsuccessfully attempted to locate the vehicle.   

In June 2005, Dallas police located the vehicle parked outside a Dallas residence and impounded it.  Howard Sparks, a Dallas County Deputy Sheriff, testified that Appellants were “known associates” of the home’s residents, who were under investigation for filing fraudulent UCC documents.  Police had “made contact with [Appellants] at the residence before,” and documents seized from the residence included “documents with regard to the Chases . . . .” 

Appellants were charged by indictment with hindering a secured creditor by concealing the vehicle on the property of another and by failing to deliver the vehicle to the secured party after the secured party had made demand.  Appellants’ cases were tried together to a jury, and Appellants represented themselves.  The jury found them guilty and assessed punishment of one year in prison and a $5,000 fine each, and the trial court rendered judgment accordingly. 

Appellants filed separate notices of appeal, but their points on appeal are identical.  Therefore, we will address their points together.

Legal and Factual Sufficiency

In their first two points, Appellants challenge the legal and factual sufficiency of the evidence.  Specifically, they argue that there is no evidence that they “concealed” the vehicle.

When reviewing the legal sufficiency of the evidence to support a conviction, we view all the evidence in the light most favorable to the verdict in order to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.  
Jackson v. Virginia
, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); 
Hampton v. State
, 165 S.W.3d 691, 693 (Tex. Crim. App. 2005).
  When reviewing the sufficiency of the evidence in the context of a defense, we determine whether after viewing all the evidence in the light most favorable to the prosecution, any rational trier of fact would have found the essential elements of the offense beyond a reasonable doubt and also would have found against appellant on the defense issue beyond a reasonable doubt.  
Saxton v. State
, 804 S.W.2d 910, 914 (Tex. Crim. App. 1991).  

When reviewing the factual sufficiency of the evidence to support a conviction, we view all the evidence in a neutral light, favoring neither party.  
Watson v. State
, 204 S.W.3d 404, 414 (Tex. Crim. App. 2006); 
Drichas v. State
, 175 S.W.3d 795, 799 (Tex. Crim. App. 2005).  We then ask whether the evidence supporting the conviction, although legally sufficient, is nevertheless so weak that the fact-finder’s determination is clearly wrong and manifestly unjust or whether conflicting evidence so greatly outweighs the evidence supporting the conviction that the fact-finder’s determination is manifestly unjust.  
Watson
, 204 S.W.3d at 414-15, 417; 
Johnson v. State
, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000).

A person who signs a security agreement, mortgage, or deed of trust creating a security interest in or lien on property commits an offense “if, with intent to hinder enforcement of that interest or lien, he destroys, removes, conceals, encumbers, or otherwise harms or reduces the value of the property.” 
Tex. Penal Code Ann. 
§ 32.33(b) (Vernon 2003).  A person is presumed to have intended to hinder enforcement of the security interest or lien if, when any part of the debt is due, he fails to (1) pay the part then due and (2) deliver possession of the secured property to the secured party upon demand.  
See id. 
§ 32.33(c).  Thus, to support Appellants’ convictions in this case, the State was required to show that Appellants (1) signed a security agreement creating a security interest in the vehicle and (2) with the requisite intent, destroyed, removed, concealed, encumbered, or otherwise harmed or reduced the value of the vehicle.  
See
 
id.
 § 32.33(b).  Appellants concede that the State’s evidence established the first element and the element of intent, but argue there is no evidence that they concealed the vehicle as alleged in the indictments.  Thus, our sufficiency analysis will focus on the second element and specifically on the element of concealment. 

Section 32.33 does not define “conceal.”  
See id. 
§ 32.33.  When statutory words are not defined, we give words their plain meaning without regard to distinction between construction of penal laws and laws on other subjects, unless the act clearly shows that they were used in some other sense. 
Daniels v. State
, 754 S.W.2d 214, 219 (Tex. Crim. App. 1988); 
Oler v. State
, 998 S.W.2d 363, 368 (Tex. App.—Dallas 1999, pet. ref’d, untimely filed). Because “conceal” is not specifically defined, the factfinder may freely read it to have any meaning which is acceptable in common parlance. 
 See Denton v. State
, 911 S.W.2d 388, 390 (Tex. Crim. App. 1995); 
Oler
, 998 S.W.2d at 368; 
Urbanski v. State
, 993 S.W.2d 789, 793 (Tex. App.—Dallas 1999, no pet.).  The most commonly recognized definitions of the word “conceal” are to “keep from the knowledge and observation of others,” “refrain from disclosing or divulging,” “hide, secrete, or withhold from the knowledge of others,” “cover or keep from sight,” and “place out of sight.”  
Plummer v. State
, No. 05-99-01826-CR, 2000 WL 1690194, at *4 (Tex. App.—Dallas Nov. 13, 2000, no pet.) (citing 
The Oxford English Dictionary 
646 (2d ed. 1989);
 Black’s Law Dictionary 
288 (6th ed. 1990); 
Webster’s 3rd Int’l Dictionary 
469 (1981)); 
see also Anzaldua v. State
, 696 S.W.2d 911, 912 (Tex. Crim. App. 1985) (op. on reh’g) (defining “conceal” as “to hide, secrete, withhold from the knowledge of others; to withdraw from observation”).  The mere refusal to deliver property upon demand does not constitute “concealing.”  
Anzaldua
, 696 S.W.2d at 912.

Appellants argue that because police eventually found the vehicle parked in plain view on a Dallas street and no one testified how the car came to be at the Dallas residence, there is no evidence that Appellants concealed the vehicle.  We disagree.  Deputy Constable Holifield unsuccessfully attempted to locate the vehicle at Appellants’ residence on several occasions and at their places of employment.  He left door hangers and business cards at Appellants’ residence, asking them to call him.  Appellants were jailed for three weeks for contempt when they refused to disclose the vehicle’s whereabouts.  Denton County District Attorney investigators and North Texas Auto Task Force investigators could not find the vehicle.  Appellants had ties to the Dallas residence where the vehicle was finally found.  While there is no evidence that Appellants personally drove the vehicle to Dallas or that the vehicle was disguised or hidden from public view, the common definition of “conceal” is not so constrained as to require such proof.

Viewing the evidence in the light most favorable to the verdict, a rational trier of fact could have found beyond a reasonable doubt that Appellants kept the vehicle’s location from the knowledge of the Credit Union, refrained from disclosing or divulging its location to the Credit Union, and placed it out of the Credit Union’s sight—in other words, that they concealed the vehicle.  Thus, the evidence is legally sufficient.  
See Plummer
, 2000 WL 1690194, at *4 (holding evidence that the appellant, “at a minimum, refrained from disclosing or divulging [a vehicle’s] location” legally sufficient to support conviction for concealing vehicle).  Viewing all of the evidence in a neutral light, we hold that it is also factually sufficient.

Appellants also argue that they could not both be guilty as the principal to the same offense, and that there is no evidence to show which one of them moved the car to Dallas.  Again, we disagree.  The act of driving the car to Dallas is not the gravamen of the offense; keeping the vehicle’s location from the Credit Union’s knowledge is.  We hold that the evidence is legally and factually sufficient to convict both Appellants as principals.

We overrule Appellants’ first and second points.

Motions to Quash Indictments

In their third point, Appellants argue that the trial court erred by failing to grant their motions to quash the indictments.

The sufficiency of an indictment is a question of law.  
State v. Moff
, 154 S.W.3d 599, 601 (Tex. Crim. App. 2004).  Therefore, we review a trial judge's ruling on a motion to quash the indictment de novo.  
Id
.

An accused in a criminal case is guaranteed the right to demand the nature and cause of the action against him.  
DeVaughn v. State
, 749 S.W.2d 62, 67 (Tex. Crim. App. 1988).  A charging instrument that tracks the language of a criminal statute generally possesses sufficient specificity to provide a defendant with notice of a charged offense.  
State v. Edmond
, 933 S.W.2d 120, 128 (Tex. Crim. App. 1996).  A motion to quash an indictment should be granted only when the language regarding the accused’s conduct is so vague or indefinite that it fails to give the accused adequate notice of the acts he allegedly committed.  
DeVaughn
, 749 S.W.2d at 67.

The indictments, which are identical except for Appellants’ names, alleged as follows:

[Appellant], on or about the 16th day of March, 2005, did then and there, having theretofore signed a security agreement creating a security interest in property, namely, an automobile, conceal by placing said secured property on the property of another and by failing to deliver possession of the said secured property to the secured party after the secured party had made demand, without the effective consent of the secured party, namely, Denton Area Teachers Credit Union, and with intent to hinder enforcement of such security interest or lien, and the value of said property was $1,500 or more but less than $20,000[.]

Appellants argue that the trial court should have quashed the indictments for three reasons.  First, they argue that because “conceal” is not statutorily defined and can encompass diverse acts, the indictments did not give Appellants adequate notice of the conduct with which they were charged.  We disagree.  The indictments specifically allege that Appellants concealed the vehicle by placing it on the property of another.

Second, Appellants argue that the trial court should have quashed the indictments because the words “by failing to deliver possession of the said secured property to the secured party after the secured party had made demand” did not charge an element of the offense and therefore prejudiced Appellants.  While failure to deliver possession of secured property upon the secured party’s demand is not in itself “concealment,” 
see
 
Anzaldua
, 696 S.W.2d at 912, it does trigger the presumption that a defendant intended to hinder enforcement of the security interest.  
Tex. Penal Code Ann.
 §
 32.33(c).  Thus, the allegation that Appellants failed to deliver the vehicle upon the Credit Union’s demand was appropriately included in the indictments.

Third, Appellants argue that the indictments failed to state an offense because they “described perfectly legal activity,” namely, moving the vehicle from one location to another.  Again, we disagree.  While merely moving a vehicle from one location to another is perfectly legal under many circumstances, section 32.33 makes it illegal to move a vehicle when the movement is intended to conceal the vehicle and hinder the enforcement of a security agreement.  
See
 
id.

We hold that the trial court did not err by refusing to quash the indictments, and we overrule Appellants’ third point.

Admission of Evidence

In their fourth point, Appellants argue that the trial court erred by admitting Deputy Holifield’s testimony about another vehicle he seized from Appellants’ residence and Deputy Sparks’s testimony about the investigation of the residents of the house where police ultimately recovered the PT Cruiser.  
We review a trial court’s ruling to admit or exclude evidence under an abuse of discretion standard.  
Rankin v. State
, 974 S.W.2d 707, 718 (Tex. Crim. App. 1996) (op. on reh’g); 
Montgomery v. State
, 810 S.W.2d 372, 391 (Tex. Crim. App. 1991) (op. on reh’g).  If the court’s decision falls outside the “zone of reasonable disagreement,” it has abused its discretion.  
Rankin
, 974 S.W.2d at 718; 
Montgomery
, 810 S.W.2d at 391.

1. Deputy Holifield’s testimony.

When the State questioned Deputy Holifield about the other vehicle he seized from Appellants, Carolyn made the following objection:  “Your Honor, I object.  [The prosecutor’s] bringing things into the case that don’t pertain to the PT Cruiser.  We need to stay focused on the PT Cruiser because the PT Cruiser is the subject of this hearing.”
(footnote: 2)  The trial court overruled her objection.  

On appeal, Carolyn argues that the danger of unfair prejudice from Deputy Holifield’s testimony outweighed its probative value “because no bad act or extraneous offense was shown.”  But Carolyn’s objection to the testimony in question was a relevance objection, and a relevance objection does not preserve an unfair-prejudice complaint under rule of evidence 403.  
See
 
Montogmery
, 810 S.W.2d at 389 (holding that relevance objection does not preserve complaint that danger of unfair prejudice outweighed relevance).  To the extent Carolyn contends the trial court erroneously overruled her relevance objection, we hold the trial court did not abuse its discretion because Deputy Holifield’s testimony was relevant to show Appellants’ motive for moving the PT Cruiser to Dallas County after Deputy Holifield seized the other vehicle.

Carolyn also argues the trial court erred by admitting Deputy Holifield’s testimony against her because it was not shown that she (as opposed to Egbert) confronted Deputy Holifield when he seized the other vehicle.  
If evidence is admissible against one party or for one purpose, failure to request a limiting instruction forfeits any error.  
Tex. R. Evid.
 105(a); 
Hammock v. State
, 46 S.W.3d 889, 894-95 (Tex. Crim. App. 2001)
.  Carolyn did not request a limiting instruction; therefore, she forfeited the alleged error.

2. Deputy Sparks’s testimony.

When the State questioned Deputy Sparks about the circumstances surrounding the recovery of the PT Cruiser from a home in Dallas, both Appellants lodged relevance objections to questions about the Attorney General’s investigation of the home’s residents; the trial court overruled their objections.  Deputy Sparks later testified—without objection—that Appellants were “known associates” of the residents of the Dallas house because investigators found “documents with regard to the Chases” among documents seized from the house. 

On appeal, Appellants argue that the trial court erred for several reasons  by admitting Deputy Sparks’s testimony that they were “known associates” of the Dallas home’s residents and that investigators found “documents with regard to the Chases” there.  But Appellants did not object to this testimony at trial; thus, they forfeited their complaint.  
See
 
Tex. R. App. P.
 33.1(a)(1).

We overrule Appellants’ fourth point. 

Law of Parties

In their fifth point, Appellants argue the trial court erred by failing to instruct the jury on the law of parties.  We note that Appellants did not object to the charge at trial or request an instruction on the law of parties.  But we need not explore the merits of that issue.  If the evidence in a record supports an appellant’s guilt as a principal actor, any error of the trial court in charging on the law of parties is harmless error. 
 Cathey v. State
, 992 S.W.2d 460, 466 (Tex. Crim. App. 1999), 
cert. denied
, 528 U.S. 1082 (2000); 
Black v. State
, 723 S.W.2d 674, 675 (Tex. Crim. App. 1986).  We have concluded that the evidence is legally and factually sufficient to support finding Appellants guilty of the offense as principals. Accordingly, any error in charging on the law of parties is harmless, and we overrule Appellants’ fifth point.

Conclusion

Having overruled all of Appellants’ points, we affirm the trial court’s judgments.  
See 
Tex. R. App. P.
 43.2(a).

ANNE GARDNER

JUSTICE

PANEL F: GARDNER, WALKER, and MCCOY, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  March 22, 2007

FOOTNOTES
1:
See 
Tex. R. App. P. 
47.4.

2:
Egbert made no objection to Deputy Holifield’s testimony about the other vehicle; thus, Egbert failed to preserve error related to this testimony, and we overrule the part of his fourth point that concern’s Deputy Holifield’s testimony.  
See 
Tex. R. App. P.
 33.1(a)(1)
; 
Martinez v. State
, 833 S.W.2d 188, 191 (Tex. App.—Dallas 1992, pet. ref’d)
 (holding a defendant who has not voiced his own personal objection or adopted that of his codefendant is foreclosed from relying on the codefendant’s objection to preserve error)
.