COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.  2-06-164-CR

 

 

KEVIN WAYNE ROTENBERRY                                                APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

           FROM
THE 213TH DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                             OPINION

 

                                              ------------

Appellant Kevin Wayne
Rotenberry appeals his conviction for tampering with physical evidence.  Because the indictment failed to state an
offense, we vacate the trial court=s judgment and dismiss the indictment.

                                            Background








The significant facts are
largely uncontested.  Appellant=s grandmother, Peggy Dudley, was at one time married to a man named
Patrick Cunningham. Cunningham was last seen alive in 1996.  Peggy divorced Cunningham in November 1996,
claiming that he had abandoned her in August 1996.  Peggy died sometime before October 2003. 

In 2003, Appellant=s cousin, Dustin Tubbleville, who was in custody for an unrelated
offense, told police that Cunningham had been murdered and was buried in the
back yard of Appellant=s home.  Tubbleville said that Appellant had killed
Cunningham after Cunningham beat Peggy, carried him in the trunk of his car to
his Colleyville home, and with the help of his father, cut up Cunningham=s body and buried it in the back yard. 
Tubbleville also claimed that the family dog dug up the body, so
Appellant and his father buried it deeper. 

Based on Tubbleville=s tip, the Texas Rangers began an investigation into Cunningham=s whereabouts that eventually led to the issuance of a warrant to
search the premises of Appellant=s home.  Various law enforcement
agencies assembled to execute the warrant on March 31, 2004. 








On the morning of March 31,
before police executed the warrant, Colleyville Police Officer David Martz
contacted Appellant by phone and asked him to come to the Colleyville police
station.  Appellant reported to the police
station as requested, and Officer Martz interviewed him for about an hour.  Officer Martz told Appellant that he was
investigating Cunningham=s
disappearance and asked Appellant if he knew where Cunningham was. Cunningham
told Officer Martz that he did not know where Cunningham was and that he
believed Cunningham might have moved to Florida.  

Eventually, Appellant asked
permission to leave the police station so that he could go home to get ready
for work, and Officer Martz allowed him to leave.  As soon as Appellant arrived home, police
officers arrived to execute the search warrant. 
Upon arriving, the officers revealed to Appellant that they had reason
to believe that Cunningham=s body was buried in the backyard and that they were prepared to tear
up the entire yard with a backhoe to find it. Appellant agreed to return to the
police station and submit to another interview. 

After the police read him his
rights, Appellant told them that his grandmother had killed Cunningham, who had
a history of physically abusing her, in 1996. 
He said that after his grandmother killed Cunningham, she called
Appellant and asked him to help dispose of the body.  According to Appellant, his grandmother, who
was familiar with the Colleyville home because she lived there at one time,
told him to put Cunningham=s body in a disused septic tank in the backyard.  Appellant told police that he did as his
grandmother asked and put the body in the septic tank.

Based on information provided
by Appellant, police located an unused septic tank in the home=s backyard and found skeletal remains, later determined through DNA
analysis to be Cunningham=s, inside
the tank.  








Appellant was initially
charged with Cunningham=s murder, but
the grand jury indicted him for tampering with or fabricating physical
evidence.  See Tex. Penal Code Ann. ' 37.09(a)(1) (Vernon 2003).  In four counts, the indictment alleged that
Appellant concealed an unidentified body in a septic tank on August 1, 2001,
August 1, 2002, August 1, 2003, and March 1, 2004.

In November 2004, Appellant
was reindicted for tampering with or fabricating physical evidence by Aleaving or hiding@ the body in the septic tank on March 30, 2004.  In December 2004, the State amended the
indictment to allege in a second paragraph that Appellant tampered with or
fabricated evidence by telling Officer Martz on March 31, 2004, that he did not
know where Cunningham was. 

Later in December 2004,
Appellant was reindicted again.  In five
paragraphs with minor variations, this third indictment alleged that Appellant Aconcealed@ Cunningham=s body by telling Officer Martz on March 31, 2004, that he did not
know where Cunningham was with the intent to impair the availability of
Cunningham=s body as
evidence in an investigation. 

Finally, Appellant was
reindicted a fourth time on February 1, 2006. 
This last indictment alleged as follows:








[O]n
or about March 31, 2004, [Appellant] did then and there, knowing that an
investigation into the disappearance of Patrick Cunningham was pending or in
progress conceal a thing, to-wit, a human body by telling Detective David Martz
that he had not seen Patrick Cunningham since the time that Patrick Cunningham
had abandoned [his grandmother] and that he did not know where Patrick
Cunningham was located when in fact the defendant had hidden the body of
Patrick Cunningham in a septic tank at the residence of Richard Rotenberry with
the intent to impair its availability as evidence in the investigation. 

 

In a second paragraph, the indictment made the
identical allegation but recited the street address of the home where the body
was found.  

Appellant filed a motion to
quash the final indictment for failing to allege an offense, and the trial
court denied the motion.  A jury found
Appellant guilty as alleged in the indictment and assessed punishment of eight
years= confinement, suspended for ten years. 
The trial court sentenced Appellant accordingly. 

                                             Discussion

In his fourth point,
Appellant argues that the trial court erred by denying his motion to quash the
indictment because the indictment failed to state an offense.  Specifically, Appellant contends that he did
not Aconceal physical evidence@ when he told Officer Martz that he did not know where Cunningham
was.  We agree.








Upon the filing of a timely
motion to quash, an indictment must be analyzed to determine whether it states
on its face the facts necessary to allege that an offense was committed, to bar
a subsequent prosecution for the same offense, and to give the accused notice
of the precise offense with which he is charged.  DeVaughn v. State, 749 S.W.2d 62, 67
(Tex. Crim. App. 1988).  The indictment
must state facts which, if proved, show a violation of the law; the indictment
must be dismissed if such facts would not constitute a criminal offense.  Posey v. State, 545 S.W.2d 162, 163
(Tex. Crim. App. 1977); State v. Williams, 780 S.W.2d 891, 894 (Tex.
App.CSan Antonio 1989, no pet.).  An
indictment that fails to allege an offense is so defective that it cannot vest
jurisdiction.  Tex. Const. art. V, ' 12(b); Studer v. State, 799 S.W.2d 263, 272-73 (Tex. Crim.
App. 1990).  Whether an indictment
alleges an offense is a question of law subject to de novo review.  State v. Moff, 154 S.W.3d 599, 601
(Tex. Crim. App. 2004).

Under penal code section
37.09, captioned ATampering
With or Fabricating Physical Evidence,@ a person commits a third-degree felony if, knowing that an
investigation or official proceeding is pending or in progress, he Aalters, destroys, or conceals any record, document, or thing with
intent to impair its verity, legibility, or availability as evidence@ in the investigation or official proceeding.  Tex.
Penal Code Ann. ' 37.09(a)(1).








The indictment alleged that
Appellant concealed Cunningham=s body by telling Officer Martz that he did not know where Cunningham
was.  It is crucial to identify and
distinguish between the two acts of concealment comprising Appellant=s conduct.  Appellant concealed physical
evidenceCCunningham=s bodyCwhen he hid
the body in the septic tank.  He
concealed informationCthe fact that Cunningham was dead and the location of the bodyCwhen he told Officer Martz that he did not know where Cunningham
was.  The distinction between physical
evidence and information is the crux of this case.

The State could not charge
Appellant with concealing physical evidence by hiding Cunningham=s body in the septic tank in 1996 because the three-year statute of
limitations expired before the indictment was presented to the grand jury in
2004.  See Tex. Code Crim. Proc. Ann. arts. 12.01(6) (Vernon Supp.
2006), 12.04, 12.06 (Vernon 2005). 
Instead, the State charged Appellant with concealing physical evidence
by telling Officer Martz on March 31, 2004 that he did not know where
Cunningham was.








The State=s theory of liability is flawed because when Appellant lied to Officer
Martz on March 31, 2004, he concealed information, not physical
evidence.  Section 37.09 criminalizes
the concealment of physical evidence, not the concealment of information.  Tex.
Penal Code Ann. ' 37.09(a)(1) (AA person
commits an offense if . . . he . . . conceals any record, document, or thing .
. . .@).  It bears repeating that the
statute under which Appellant was indicted and tried is captioned ATampering With or Fabricating Physical Evidence.@  Id. ' 37.09
(emphasis added).  The caption is one
factor courts may consider when construing a statute.  Tex.
Gov=t Code Ann. ' 311.023(7) (Vernon 2005); Tex.
Penal Code Ann. ' 1.05(b) (Vernon 2003) (providing that government code chapter 311
applies to the construction of the penal code).[1]








Another factor courts may
consider when interpreting a statute is laws on the same or similar
subject.  Tex. Gov=t Code Ann. ' 311.023(4).  The two sections
of the penal code immediately preceding section 37.09 criminalize the
concealment of information when a person makes a false statement to law
enforcement officials material to a criminal investigation or relating to a
missing person.  Under section 37.08, AFalse Report to Peace Officer or Law Enforcement Employee,@ a person commits a Class B misdemeanor if, with intent to deceive, he
knowingly makes a false statement that is material to a criminal investigation
and makes the statement to a peace officer conducting the investigation.  Tex.
Penal Code Ann. ' 37.08 (Vernon 2003).  Under
section 37.081, AFalse Report
Regarding Missing Child or Missing Person,@ a person commits a Class C misdemeanor if, with intent to deceive, he
knowingly makes a false statement to a law enforcement officer relating to a
missing person.  Id. ' 37.081 (Vernon 2003).  In this
case, an information tracking the language of sections 37.08 or 37.081 might
have been sufficient to allege an offense; the indictment tracking the language
of section 37.09 was not sufficient. 
Lying to conceal information material to an investigation is a crime,
but it is not a violation of section 37.09.








The State relies on two cases
as support for its position that one may conceal information, and therefore
commit an offense under section 37.09, by making a verbal misrepresentation to
law enforcement officers.  See King v.
State, 76 S.W.3d 659 (Tex. App.CHouston [14th Dist.] 2002, no pet.); Sanford v. State, No. 12‑04‑00330‑CR,
2006 WL 1119257 (Tex. App.CTyler April 28, 2006, pet. ref=d) (mem. op.) (not designated for publication).  Both of those cases involved prosecution
under penal code section 38.05, which provides that a person commits an offense
if he Aharbors or conceals@ another with the intent to hinder the other=s arrest or prosecution.  King,
76 S.W.3d at 660; Sanford, 2006 WL 1119257, at *1; see Tex. Penal Code Ann. ' 38.05. 
(Vernon Supp. 2006)  In both
cases, the appellants were convicted for hindering apprehension of another by
telling the police that a person sought by police was not at a particular
location when in fact the person was at that locationCthe appellant=s residence
in King and the appellant=s car in Sanford.  King,
76 S.W.3d at 660; Sanford, 2006 WL 1119257, at *1.

The case before us is
distinguishable from King and Sanford.  First, in King the question on appeal
was the sufficiency of the evidence to show the appellant=s intent to hinder the fugitive=s apprehension; thus, King offers no guidance as to what does
or does not constitute concealment.  See
King, 76 S.W.3d at 662.

Second, in Sanford,
the appellant was tried for Aharboring or concealing@ the fugitive, and the court did not distinguish between Aharbor@ and Aconceal.@  Sanford, 2006 WL 1119257, at *2 (A[Appellant=s
misrepresentation] served to conceal or harbor [the fugitive], if only
for a short time.@) (emphasis
added).








Third, and most significant,
is the difference between the relevant statutes themselves.  In this connection, we must also consider our
recent decision in Chase v. State along with Sanford and King.  See Chase v. State, Nos. 2‑06‑00063‑CR,
2‑06‑00064‑CR, 2007 WL 866221 (Tex. App.CFort Worth March 22, 2007, pet. ref=d) (not designated for publication). 
In Chase, we held the evidence legally and factually sufficient
to support convictions for hindering a secured creditor under penal code
section 32.33 when the defendants Aconcealed@ the secured
propertyCa carCby refusing
to disclose its location to the creditor. 
Id. at *2-3.  While all
three statutesCsections
32.33, 38.05, and 37.09Cmake it a
crime to Aconceal@ something, none of them define the term Aconceal,@ and the
differences between the statutes compel the application of different
definitions.  See Tex. Penal Code Ann. '' 32.33 (Vernon 2003), 37.09,
38.05.

When statutory words are not
defined, we give words their plain meaningsCunless the act clearly shows that they were used in some other
sense.  Daniels v. State, 754
S.W.2d 214, 219 (Tex. Crim. App. 1988); Oler v. State, 998 S.W.2d 363,
368 (Tex. App.CDallas 1999,
pet. ref=d, untimely filed).  The
dictionary provides two meanings for Aconceal@: A1. The act of refraining from disclosure; esp., an act by which one
prevents or hinders the discovery of something; a cover‑up. 2. The act of
removing from sight or notice; hiding.@  Black=s Law Dictionary 306 (8th ed. 2004).








To determine in what sense
the Legislature used of the word Aconceal@ in the
various statutes, we look to the statute=s captions.  Section 32.33 is
captioned AHindering Secured Creditors.@  Tex. Penal Code Ann. ' 32.33
(emphasis added).  Section 38.05 is
captioned AHindering Apprehension or Prosecution.@  Id. ' 38.05 (emphasis added). 
Section 37.09, by contrast, is captioned ATampering With or Fabricating
Physical Evidence.@  Id. ' 37.09 (emphasis added).

We now compare the
definitions of the words Atampering
with or fabricating@ as used in
the caption of the statute relevant to this case and the term Ahindering@ as used in
the other statutes.  ATampering@ means Athe act of altering a thing; esp., the act of illegally altering a
document or product, such as written evidence or a consumer good.@  Black=s Law Dictionary 1494 (8th ed. 2004).  AFabricate@ means to
invent, forge, or devise falsely.  Id.
at 627. AHindering@ means to
obstruct or delay progress.  Webster=s Ninth New Collegiate Dictionary 571 (1983).

Lying about the presence of a
fugitive will Aobstruct or
delay@ the apprehension of the fugitive; thus, in the context of section
38.05, lying to police could constitute Aconcealing.@  Likewise, refusing to disclose the location
of secured property to a creditor is will Aobstruct or delay@ the creditor=s recovery
of the property and thus Aconceals@ the property under section 32.33.








But lying to police about the
location of physical evidence does not Aalter, invent, or forge@ physical evidence.  Thus, Aconceal@ in the
context of Atampering
with or fabricating physical evidence@ does not fairly encompass the act of lying to police.  It would encompass the act of actually hiding
the evidence under the second definition of Aconceal@CAthe act of removing from sight or notice; hiding@Cbut that is not what the grand jury indicted Appellant for (because
the statute of limitations had long since run). 
The other acts prohibited by section 37.09CAalter@ and Adestroy@Chighlight the relatively restricted scope of the statute to acts that
physically manipulate the evidence in question.

In summary, the word Aconceal@ must be
read in light of the various statutes= captions.  The difference
between the captionsCAhindering@ in the two,
Atampering with or fabricating@ in the oneCcompels
different interpretations of the word Aconceal.@  While Aconcealing@ by lying or
withholding information is Ahindering,@ it is not Atampering with or fabricating.@  Thus, while the word Aconceal@ as used in
sections 32.33 and 38.05 reasonably includes both Athe act of refraining from disclosure@ and Athe act of
removing from sight or notice or hiding,@ the caption and other terms in section 37.09 clearly show that Aconceal@ is limited
to the latter sense in the statute relevant to this case.  Therefore, the interpretations of the term Aconceal@ in Sanford,
King, and Chase do not guide our interpretation of the same term
in this case.        








We hold that the indictment
failed as a matter of law to allege an offense under penal code section 37.09,
and we sustain Appellant=s fourth
point.  Because his fourth point disposes
of the entire appeal, we do not consider his other points.  See Tex.
R. App. P. 47.1.  We vacate the
trial court=s judgment
and dismiss the indictment.  See Tex. R. App. P. 43.2(e).

 

 

ANNE GARDNER

JUSTICE

 

PANEL A:   CAYCE, C.J.;
LIVINGSTON and GARDNER, JJ.

CAYCE, C.J. filed a dissenting opinion.

PUBLISH

DELIVERED: 
October 18, 2007

 

 

 

 

 

 

 

 

 

 











 
 
 
 
 
 
 




 

 

 

                                      COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

                                        NO. 2-06-164-CR

KEVIN WAYNE ROTENBERRY                                                APPELLANT

                                                   V.

THE STATE OF TEXAS                                                                STATE

                                              ------------

           FROM THE 213TH DISTRICT COURT OF TARRANT COUNTY

                                              ------------

                                   DISSENTING
OPINION

                                              ------------

I respectfully dissent.  The majority=s interpretation of section 37.09 of the Texas Penal Code fails to
give the language of the statute its plain meaning and is in conflict with a
prior recent opinion of this court defining Aconceals@ in a
different section of the penal code. 

The pertinent language of
section 37.09(a)(1) defines the offense of ATampering With or Fabricating Physical Evidence@ as follows:  

(a)     A
person commits an offense if, knowing that an investigation or official
proceeding is pending or in progress, he:








 

(1)    alters,
destroys, or conceals any . . . thing with intent to impair its .
. . availability as evidence in the investigation or official proceeding.[2]

 

Section 37.09 does not, however, define Aconceals.@  

In construing a statute, our
primary responsibility is to give effect to the legislature=s intent as expressed in the language of the statute.[3]   When the language of the statute is
unambiguous, we must give effect to the plain, ordinary, common meaning of the
words unless doing so would lead to absurd results.[4]  AWords and phrases shall be read in context and construed according to
the rules of grammar and common usage.@[5]  When statutory words are not
defined, we give words their plain meaning without regard to distinction
between construction of penal laws and laws on other subjects, unless the act
clearly shows that they were used in some other sense.[6]    








In Chase v. State,
Justice Gardner, writing for another panel of this court, defined the word Aconceals@ in section
32.33 of the penal code as to Akeep from the knowledge and observation of others,@ Arefrain from
disclosing or divulging,@ and Ahide, secrete, or withhold from the knowledge of others.@[7]  Based on this definition, the
court held that evidence showing that A[a]ppellants kept the vehicle=s location from the knowledge of the Credit Union@ and @refrained
from disclosing or divulging its location to the Credit Union,@ was legally sufficient to prove that the appellants concealed
the vehicle under section 32.33(b) of the penal code.[8]  








The majority acknowledges the
same universally recognized definition of Aconceals@ that we
adopted in Chase, but it holds that the word means something different
here.  According to the majority, the
legislature intended that the word be given a much narrower definition when
used in section 37.09 because the caption of section 37.09 (ATampering With or Fabricating Physical Evidence@) is different than the caption of section 32.33 (AHindering Secured Creditors@).  Thus, the majority suggests
that when construing section 32.33 of the penal code we must give Aconceals@ its plain
meaning, but when construing section 37.09 of the code we may disregard its
plain meaning in favor of a definition that we think better fits the statute=s caption.  This Adouble standard@ of
statutory construction is without precedent and results in the majority=s rewriting section 37.09 by giving Aconceals@ a narrowly
circumscribed definition that the legislature itself did not give it.  

When called upon to interpret
a statute, it is not our function as a court to give a statute a meaning that
the legislature did not clearly intend simply because we disagree with the
operation of the statute as written. 
Yet, this is what the majority has done here.  If the legislature had intended that the
definition of Aconceals@ in section 37.09 exclude Athe act of refraining from disclosure@Cconduct that the majority concedes is reasonably included within the
definition of Aconceals@ as used in section 37.09Cthe legislature could have easily said so.  Nothing in section 37.09 or its caption,
however, evidences such an intent.








The word Aconceals@ in section
37.09 of the penal code has the same plain meaning as the word Aconceals@ in section
32.33 of the code.  This meaning has not
changed since Chase was decided, and nothing in section 37.09 or any
other part of the penal code Aclearly shows@ that the
word was intended by the legislature to be used in some other sense than we held
it was to be used in section 32.33.[9]  As we recognized in Chase, because Aconceals@ is not
specifically defined, the jury was free to read it to have Aany meaning which is acceptable in common parlance.@[10]  This is what the jury did in
this case.  

Because the evidence was
sufficient to show that appellant withheld information regarding the location
of Cunningham=s body with
intent to prevent it from being available as evidence in a criminal
investigation, the jury properly found him guilty under section 37.09 of the
penal code.  We should, therefore, affirm
the judgment of the trial court.  

For all of these reasons, I dissent. 

 

 

JOHN CAYCE

CHIEF JUSTICE

                                                    

DELIVERED:  October 18, 2007     











[1]In Boykin
v. State, the court of criminal appeals noted that A[a]lthough
Section 311.023 . . . invites, but does not require, courts to consider
extratextual factors when the statutes in question are not ambiguous, such an
invitation should be declined@ unless the language of the
statute is ambiguous or would lead to an absurd result.  818 S.W.2d 782, 786 & n.4 (Tex. Crim.
App. 1991).  In Lanford v. Fourteenth
Court of Appeals, the court of criminal appeals held that an ambiguity
exists and reference to extratextual factors is appropriate when the text of a
statute is susceptible to two meanings and the parties advocate opposing Apolar@
interpretations. 847 S.W.2d 581, 587 (Tex. Crim. App. 1993) (orig.
proceeding).  Here, the parties offer
polar opposite interpretations of the meaning of the word Aconceals@ as
used in section 37.098(a)(1); thus, under Lanford, the statute is
ambiguous, and reference to extratextual factors such as the caption is
appropriate.  





[2]Tex. Penal Code Ann. '
37.09(a)(1) (Vernon 2003) (emphasis added).





[3]R.R.E.
v. Glenn, 884 S.W.2d 189, 192 (Tex. App.CFort
Worth 1994, writ denied).





[4]State
v. Hardy, 963 S.W.2d 516, 519 (Tex. Crim. App. 1997). 





[5]Tex. Gov=t Code Ann. '
311.011(a) (Vernon 2005).





[6]Daniels
v. State, 754 S.W.2d 214, 219 (Tex. Crim. App. 1988); Oler
v. State, 998 S.W.2d 363, 368 (Tex. App.CDallas 1999, pet. ref=d,
untimely filed).





[7]Chase
v. State, Nos. 02-06-00063-CR, 02-06-00064-CR, 2007 WL
866221, at *2 (Tex. App.CFort
Worth Mar. 22, 2007, pet. ref=d); see Plummer v.
State, No. 05-99-01826-CR, 2000 WL 1690194, at *4 (Tex. App.CDallas
Nov. 13, 2000, no pet.); see also Anzaldua v. State, 696 S.W.2d 911, 912
(Tex. Crim. App. 1985) (op. on reh=g) (defining Aconceal@ as Ato
hide, secrete, withhold from the knowledge of others; to withdraw from
observation@).  A person commits an offense under section
32.33 Aif,
with intent to hinder enforcement of that interest or lien, he destroys,
removes, conceals, encumbers, or otherwise harms or reduces the value of
the property.@  Tex.
Penal Code Ann. '
32.33(b) (Vernon 2003) (emphasis added).





[8]Chase,
2007 WL 866221, at *2-3.





[9]See
Daniels, 754 S.W.2d at 219.





[10]Chase,
2007 WL 866221, at *2; see Denton v. State, 911 S.W.2d 388, 390 (Tex.
Crim. App. 1995); Oler, 998 S.W.2d at 368; Urbanski v. State, 993
S.W.2d 789, 793 (Tex. App.CDallas 1999, no pet.).