
February 10, 2023

The Honorable Micheal E. Jimerson
Rusk County & District Attorney
115 North Main, Suite 302
Henderson, Texas 75652

**Opinion No. KP-0430**

Re: Required mental state under Local Government Code section 111.012, which creates a criminal offense for an officer, employee, or official of a county government who refuses to comply with applicable budget preparation requirements (RQ-0471-KP)

Dear Mr. Jimerson:

You ask about the culpable mental state required for the criminal offense created by Local Government Code section 111.012.[1] You provide information relating to a possible violation of county budget preparation requirements and ask about the necessary mental state under the related penalty provision, section 111.012.[2] *See* Request Letter at 1–2.

**Local Government Code chapter 111**

Section 111.012 provides that:

> (a) An officer, employee, or official of a county government who refuses to comply with this subchapter commits an offense.
>
> (b) An offense under this section is a misdemeanor punishable by a fine of not less than $100 or more than $1,000, confinement in the

---

[1]*See* Letter from Honorable Micheal E. Jimerson, Rusk Cnty. & Dist. Att'y, to Honorable Ken Paxton, Tex. Att'y Gen. at 1 (Aug. 12, 2022), https://texasattorneygeneral.gov/sites/default/files/request-files/request/2022/RQ0471KP.pdf ("Request Letter").

[2]You do not ask us to opine on the question whether any person is guilty of an offense. *See generally* Request Letter at 1–3. The question "[w]hether a person has committed a crime in any particular circumstance is a question of fact that cannot be resolved in an attorney general opinion." Tex. Att'y Gen. Op. No. JC-0256 (2000) at 3; *see also* Tex. Att'y Gen. Op. Nos. GA-0326 (2005) at 6 (explaining proof of culpable mental state is a fact question), GA-0765 (2010) at 3 (concluding that "[a] district attorney's prosecutorial determination regarding the initiation of criminal proceedings is within the prosecutor's substantial discretion").

> county jail for not less than one month or more than one year, or by
> both fine and confinement.

TEX. LOC. GOV'T CODE § 111.012. Section 111.012 is part of subchapter A, which governs budget preparation in counties with a population of 225,000 or less.[3] *See id.* §§ 111.001–.014. Subchapter A designates the county judge as the budget officer for the commissioners court and requires the county judge to prepare a proposed budget for the county. *Id.* §§ 111.002 (identifying the county judge as the budget officer), 111.003 (requiring the budget officer to prepare a proposed budget for the county). As a general matter, subchapter A contains provisions designed to make the county residents aware of the proposed budget and the commissioners court's consideration of it. *See generally id.* §§ 111.006(b) (requiring a copy of the proposed budget to be made available for public inspection), 111.007(a) (requiring a public hearing on the proposed budget), 111.007(c) (requiring notice for budget hearing and specifying its contents and timing), 111.0075(a) (requiring publication of notice of the public hearing in "at least one newspaper of general circulation in the county"). You allege a violation related to a notice provision and ask about the culpable mental state associated with section 111.012. *See* Request Letter at 1–2; *see also* TEX. LOC. GOV'T CODE § 111.007.

### Culpability under the Penal Code chapter 6

A fundamental principle in criminal law is "that in order to constitute a crime, the act or *actus reus* must be accompanied by a criminal mind or *mens rea.*" *Cook v. State*, 884 S.W.2d 485, 487 (Tex. Crim App. 1994); *see also Staples v. United States*, 511 U.S. 600, 606 (1994) (stating that "offenses that require no *mens rea . . .* are disfavored"). As you point out, section 111.012 does not define the offense with an express culpable mental state. *See* Request Letter at 1; *see also* TEX. LOC. GOV'T CODE § 111.012. Rather, it uses the phrase "refuses to comply." TEX. LOC. GOV'T CODE § 111.012. Absent an express mental state in the statute, Penal Code chapter 6 generally provides for culpability. *See* TEX. PENAL CODE §§ 6.01–.04; *see also id.* § 1.03(b) (providing for the application of the general provisions of the Penal Code "to offenses defined by other laws, unless the statute defining the offense provides otherwise"). Subsection 6.02(b) states that "[i]f the definition of an offense does not prescribe a culpable mental state, a culpable mental state is nevertheless required unless the definition plainly dispenses with any mental element." *Id.* § 6.02(b).

Section 111.012 provides that a person commits the offense when the person "refuses" to comply with subchapter A. TEX. LOC. GOV'T CODE § 111.012. The Local Government Code does not define "refuses," nor does Penal Code chapter 6 identify "refuses" as a culpable mental state. *See generally* TEX. PENAL CODE § 6.03. The term means "to show or express a positive unwillingness to do or comply with (as something asked, demanded, expected)." WEBSTER'S THIRD NEW INT'L DICTIONARY 1910 (2002); *see also Anzaldua v. State*, 696 S.W.2d 911, 912 (Tex. Crim. App. 1985) (defining "refuses" with the same Webster's definition); *City of El Paso v. Abbott*, 444 S.W.3d 315, 324 (Tex. App.—Austin 2014, pet. denied) (using the same definition in context of the Public Information Act's waiver of sovereign immunity for a governmental body

---

[3]According to the 2020 Census, Rusk County's population is just over 52,000. *See Quick Facts*, UNITED STATES CENSUS BUREAU, https://www.census.gov/quickfacts/ruskcountytexas (last visited Sept. 22, 2022).

that refuses to supply public information). While it is not one of the identified culpable mental states listed in the Penal Code, the fact that the Legislature used a term requiring more than a mere accident but a willful expression of a conscious choice is evident that the Legislature did not mean section 111.012 to "plainly dispense" with any mental element. *See generally Celis v. State*, 416 S.W.3d 419, 423–24 (Tex. Crim. App. 2013) (analyzing the statute to examine the question whether the Legislature intended to dispense with a mental state). Accordingly, Penal Code subsection 6.02(b) requires a culpable mental state. *See* TEX. PENAL CODE § 6.02(b).

Subsection 6.02(c) provides that "[i]f the definition of an offense does not prescribe a culpable mental state, but one is nevertheless required . . . , intent, knowledge, or recklessness suffices to establish criminal responsibility."[4] *Id.* § 6.02(c). The facts will determine which mental state may be appropriate in particular circumstances, and this office does not in an Attorney General opinion presume to advise prosecutors on the proper exercise of their discretion.[5] *See generally* Tex. Att'y Gen. Op. No. JM-892 (1988) at 2; *see also* Tex. Att'y Gen. Op. Nos. GA-0967 (2012) at 2 ("Within the confines of the prosecutor's duty 'not to convict but to see that justice is done,' the factors a prosecutor elects to consider when evaluating how to proceed in a case are squarely within the scope of prosecutorial discretion." (footnote omitted)), GA-0246 (2004) at 3 (recognizing the difficulty in proving intent in certain circumstances and noting that "whether to proceed in such a case is a matter squarely within the prosecutor's discretion").

---

[4]As it is beyond the scope of your question, we do not opine on the question of how the culpable mental state may relate to the conduct elements of the offense. *See McQueen v. State*, 781 S.W.2d 600, 603 (Tex. Crim. App. 1989) (construing Penal Code section 6.03, which defines four culpable mental states, as delineating "three 'conduct elements' which may be involved in an offense: (1) the nature of the conduct; (2) the result of the conduct; and (3) the circumstances surrounding the conduct").

[5]Briefing submitted to this office shares "additional information provided by Rusk County officials that indicates that the requirements of the . . . statute were fulfilled." Letter from James P. Allison, Gen. Couns., Cnty. Judges & Comm'rs Ass'n of Tex., to the Op. Comm. at 2 (Aug. 31, 2022) (on file with Op. Comm.).

## S U M M A R Y

Pursuant to Local Government Code section 111.012, an officer, employee, or official of a county government who refuses to comply with the budget preparation duties in subchapter A of chapter 111 commits an offense. Section 111.012 does not prescribe the culpable mental state but neither does it plainly dispense with any mental element. Accordingly, Penal Code subsection 6.02(c) provides that "intent, knowledge, or recklessness" suffice to establish criminal responsibility.

Very truly yours,

KEN PAXTON
Attorney General of Texas

BRENT E. WEBSTER
First Assistant Attorney General

LESLEY FRENCH
Chief of Staff

D. FORREST BRUMBAUGH
Deputy Attorney General for Legal Counsel

AUSTIN KINGHORN
Chair, Opinion Committee

CHARLOTTE M. HARPER
Assistant Attorney General, Opinion Committee